Briggs v. Evans.

GEORGE BRIGGS *v.* EDWARD EVANS. (*a*)

Where a plaintiff, having agreed to make certain furniture for a third person, to be paid for in cash, when it was finished, upon its completion made out the bill to him, and he being unable to pay at the time, the plaintiff refused to deliver it upon his credit; but at his request went with him (expecting to receive payment) to the defendant, who took the bill and promised to ·pay it, and thereupon the plaintiff charged the furniture to the defendant, and delivered it to the person for whom it was made; it was *held*, that the defendant was liable upon his promise as upon an original undertaking.

Where a promise of this kind is in form *absolute*, to PAY, the court must, as matter of law, hold it to be original, unless it further appear, as a matter of fact, that it was made and intended as collateral; and where the *whole credit* is given to the promissor, he is responsible.

If an assignor of a thing in action, called to prove the plaintiff's title, and as his witness in the cause, is made the defendant's witness for the purpose of an examination on his *voir dire*, and testifies to facts showing the plaintiff to be the real party in interest, the defendant is so far bound by his declarations as to preclude an exception to his admission as a witness, although some circumstances of suspicion may attach to the assignment.

Admissions of an assignor, made after the assignment, being incompetent, there is no error in the exclusion of a general question, not limited as to time, intended to obtain proof of an assignor's admission.

(<em>a</em>) See DIXON <em>v.</em> FRAZEE, <em>ante</em>, p. 32.

Briggs v. Evans.

The testimony of a person in possession of a written instrument within a few days of the trial, may be sufficient to prove the loss without calling a party himself to show that it has not been recovered.

A variance between a pleading and the proof, the first alleging delivery of goods to the defendant, and the latter showing delivery to a third person on the defendant's credit, is not ground for a reversal of a judgment, when the merits have been investigated and justice done between the parties.

THE respondent complained in the marine court, for goods sold and delivered to the appellant, by Loring, Ward & Co., alleging an assignment of the claim therefor to the respondent. The answer was a general denial.

One of the assignors was called as a witness for the plaintiff, and was first examined by the defendant on his *voir dire*, when he distinctly testified to his sale of the claim, but stated some facts of a suspicious nature, such as that the consideration for the sale was not actually paid, but merely promised. He had also forgotten the date of parting with his interest, and the terms upon which the arrangement was made. An intimation was also made by him, that his firm and the respondent expected to conclude a settlement of their affairs, when it should be ascertained what could be realized by him upon claims purchased from them; but he afterwards declared unqualifiedly that they had no interest in the result of this suit.

The assignment was in writing. A person in whose possession it was, a few days before the trial, testified to its loss. The defendant objected to parol evidence of the contents, on the ground that the party himself might have recovered the assignment, and should have been called.

The assignors of the claim in suit were shown to have agreed to manufacture some furniture for a third person, for cash. They made a bill out to him. He called, requested credit, was refused, and then accompanied one of the firm to the defendant, with the understanding that the bill would be paid forthwith. The defendant requested them to deliver the goods and promised to pay the bill in two weeks, and the firm thereupon consented to the delivery, and relying upon the promise,

delivered the furniture to the person who had ordered it, and charged the same to the defendant.

The plaintiff obtained judgment.    An appeal was taken to this court.

*Benjamin T. Kissam,* for appellant.

*George F. Betts* and *Charles Donohue,* for respondent.

By THE COURT.   WOODRUFF, J.—The witness, Loring, states positively that he has no interest in the claim made in this suit, and that he does not know that the claim was assigned for the purpose of making him or either of the parties a witness.

Although there are some circumstances of suspicion attending the assignment, yet, we cannot say in the face of the positive declaration of Loring, who is made the *defendant's* witness for the purpose of the examination on his *voir dire,* that he should have been rejected.   On the contrary, we think the defendant was so far bound by the declarations thus made by *his own* witness, that the witness was properly received.

We do not perceive any deficiency in the proof of the loss of the assignment; the witness in whose possession it was a few days before the trial, swore positively that he had lost it, with other papers which he had placed with it in his pocket.   This was sufficient.

The main ground of appeal appears to be, that the plaintiff has declared on a sale and delivery of goods to the defendant, and has proved a collateral undertaking by the defendant to pay for goods sold and delivered to Valentine.  If this be true, the judgment should be reversed, and the objection raised a question of fact in respect to which the principles of law are not doubtful.

The assignors of the plaintiff had agreed to make certain furniture for Valentine, to be paid for by him, in cash, on its completion.  When it was finished, Valentine called and could not pay for it.   The assignors would not deliver it upon his credit.

Briggs v. Evans.

By Valentine's request they accompanied him to the defendant for the "pay," and "would not deliver the goods before."

On seeing the defendant and delivering to him the bill, the defendant "took the bill and said, call in two weeks from to-day and I will pay it," and thereupon they consented to deliver the goods, and did deliver them. And the witness adds positively, "I delivered the goods on the credit of Mr. Evans, and would not deliver them till he agreed to pay."

The promise was in *form* absolute, and was relied upon as such. Where the promise in such case was *absolute* in form *to pay*, the court must, as a matter of law, hold it to be original, unless it further appears, as a matter of fact, that it was made and intended as collateral. Here there are no facts to warrant such an inference. The *proof* is, that the *whole credit* was given to Evans. The circumstance that the bill was made out in the name of Valentine, is fully explained by the fact, that the assignors of the plaintiff originally expected Valentine to pay for the goods. He gave the order. They made the bill to him, and when they went to see the defendant they took the bill with them, expecting to receive *payment*.

The bill was therefore made *before* the contract was made upon which the plaintiff relies, and proves nothing respecting the character of that contract.

The real question here was, as it was in the cases cited by the counsel, To whom was the credit given? Upon the evidence we think the justice could not have well found otherwise than he has done.

Whether the admission of Ward, to his partner, Loring, should have been received or not, if the question had been properly limited in point of time, it is sufficient to say, that such admissions, made after the assignment, were *incompetent*. There is nothing in the question or previous answer showing that the admissions sought were made before.

The examining party should so limit his questions that the court can see that they *are* competent. This question was too general, and was properly disallowed. Besides, the defendant's

answer did not set up as a defence, and the testimony sought did not tend to sustain any issue in the cause.

If there is any variance between the complaint and the proof in this particular, viz., that the delivery averred is to the defendant, whilst the proof shows a delivery to Valentine upon the defendant's credit, it is enough to say that such a variance is no ground for reversal, when the whole merits have been investigated and full justice done between the parties.

The judgment must be affirmed.